Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence AFFIRMS with minor modifications the Decision and Order of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are properly before the North Carolina Industrial Commission, and the Commission has jurisdiction of the parties and of the subject matter. This action was brought pursuant to the North Carolina Tort Claims Act, Article 31, Chapter 143 of the North Carolina General Statutes.
2. All parties have been correctly designated and there is no question of misjoinder or nonjoinder of the parties.
3. At all relevant times, Officer Bridgers was acting within the scope of his employment as an employee of the North Carolina Highway Patrol, an agency of the State of North Carolina.
4. The North Carolina Highway Patrol and the North Carolina Division of Motor Vehicles are agencies as described under the Tort Claims Act for all purposes related to these actions and the tort claim asserted by Jonathan A. Threatt.
***********
Based upon all of the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was a commercial truck driver at all times relevant to this claim. He was thirty-five years old at the time of the hearing before the Deputy Commissioner and has completed high school.
2. The incidents giving rise to plaintiff's claim occurred on 9 September 1994 and 27 January 1997.
3. Plaintiff filed his affidavit of claim with the Industrial Commission 16 December 1997.
4. According to plaintiff, his radar detector was confiscated on 9 September 1994 by Officer Victor Ward of the State Highway Patrol, who cited him for illegally transporting a radar detector in a commercial vehicle in violation of N.C. Gen. Stat. § 20-396. Plaintiff successfully defended himself against this charge at a trial on 20 March 1997 when he was found "Not Guilty".
5. Plaintiff alleges that officers of the Highway Patrol treated him disrespectfully and misused the power of their office as well as their discretion in issuing him a citation and confiscating his radar detector.
6. Plaintiff returned to pick up the confiscated radar detector from the Highway Patrol on 27 January 1997.
7. Plaintiff was warned by DMV Sergeant Bridgers not to transport the radar detector in his commercial vehicle or he would be stopped and ticketed.
8. Plaintiff ignored Sergeant Bridgers' warning and drove off with the radar detector in his commercial motor vehicle in a location to which he had access while driving. He was immediately stopped by DMS Officer Shackelford and again ticketed.
9. Plaintiff knew that it was illegal for him to operate a commercial motor vehicle carrying a radar detector where it was accessible to him.
10. Due to his earlier 1994 citation, plaintiff was aware of the federal and State motor carrier regulations and statutes making it illegal to transport a radar detector in a commercial motor vehicle in a place where it would be accessible to him for use while driving. The radar detector in question was confiscated by Officer Shackelford and plaintiff was issued a citation for possession of the radar detector in a commercial motor vehicle.
***********
Based on the foregoing findings of fact and stipulations, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The portion of plaintiff's claim based upon incidents occurring on 9 September 1994 is barred due to plaintiff's failure to file a claim within three years as required by N.C. Gen. Stat. § 143-299.
2. There was no evidence of record that any of the employees of the defendant state agencies and in particular Sergeant Bridgers acted in a way which would constitute negligence.
3. Plaintiff is not entitled to damages since he has failed to prove that he was damaged as a proximate result of the negligence of any state employee or agent.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. The plaintiff's claim is DENIED.
2. Each side shall pay its own costs.
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
S/_____________ LAURA K. MAVRETIC COMMISSIONER
jcb